IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**George E. Legg,**
Plaintiff,
v.
**Fayette County Commission**

**Fayette County Sherriff's Office**

**Deputy Sherriff T.L. Farley**

**John Doe Law Enforcement Agents**

**Jack Taylor aka Bo Taylor**

**Larry Sargent**

**Dylan Sargent**

**Shae Keffer**
Defendants.

Civil Action No. 2:25-cv-00203

### COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

The Plaintiff, George E. Legg, by and through undersigned Counsel, Elizabeth K. Campbell, Harrah and Campbell, PLLC, for his complaint against Defendants, alleges as follows:

### I. PARTIES

1. **Plaintiff:** Plaintiff George E. Legg, an individual, is a resident of Fayette County, West Virginia, and at all times relevant to this action, was a citizen of the United States and protected by the laws of the Constitution.

2. **Defendants:** Defendants, the Fayette County Commission and Fayette County Sherriff's Department by and through their deputy T.L. Farley and other unknown officers, acting under color of law, are or were at all times relevant to this complaint law enforcement officers employed by the Fayette County Sherriff's Department, and each is being sued in their individual and official capacities. Defendants also include those lay individuals present at the scene that participated in this illegal behavior condoned by officers.

## II. JURISDICTION AND VENUE

3. This action arises under 42 U.S.C. § 1983, which provides a remedy for the deprivation of rights secured by the Constitution and laws of the United States. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and § 1343.

4. Venue is proper in the Southern District of West Virginia under 28 U.S.C. § 1391(b) because the events giving rise to this complaint occurred in this district and the Defendants are residents or have their primary location in this district.

## III. FACTUAL ALLEGATIONS

5. On or about May 5, 2024, at approximately 7:45 P.M., the Plaintiff was stopped for the felony offense of "Fleeing from an Officer in a Vehicle" in violation of West Virginia Code §61-5-17 in the Armstrong Creek area of Fayette County, West Virginia.

6. The Defendants, acting in their official capacity as police officers, approached Plaintiff, who was seated in the driver's seat of the vehicle. The Defendants proceeded to effect an arrest upon the Plaintiff and did so with unnecessary force. The Defendant did not resist arrest.

7. When the Plaintiff was arrested, he was removed from his vehicle and there were five (5) to seven (7) individuals who were present. These individuals are believed to be residents of the Armstrong Creek area.

8. During the encounter, Defendants used excessive force, including physical force and allowing and encouraging the bystander Defendants to beat the Plaintiff repeatedly, while he was restrained with handcuffs causing Plaintiff physical and emotional injury.

9. This incident was filmed on a cell phone by someone who was hiding in a nearby area. This video depicts the events alleged.

10. When the Plaintiff was moved to another location at the end of the road, he was again beaten by law enforcement.

11. At no point during the incident did the Defendants provide the Plaintiff with a reasonable explanation for the detention or use of force, nor did they afford the Plaintiff his rights under the Constitution, including the right to remain silent or the right to be free from unreasonable searches and unreasonable violent seizures.

12. The Defendant's actions were not justified by any legitimate law enforcement purpose and violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.

13. As a direct result of the Defendant's unlawful actions, the Plaintiff has suffered injuries that required hospitalization, physical, emotional distress, and continues to suffer harm due to the actions of the Defendants.

## IV. CLAIMS FOR RELIEF

### Count I: Violation of the Fourth Amendment - Unreasonable Search and Seizure

12. The Plaintiff realleges and incorporates the allegations set forth above.

13. The Defendants violated the Plaintiff's Fourth Amendment rights by detaining him and subjecting him to an unlawful search and unlawful seizure. The Defendant's actions were violent and were done with a settled purpose to harm the Plaintiff.

14. As a result of the Defendant's unlawful actions, the Plaintiff suffered physical injury, emotional distress, and other damages.

### Count II: Violation of the Fourth Amendment - Excessive Force, Assault and Battery

15. The Plaintiff realleges and incorporates the allegations set forth above.

16. The Defendants used excessive force against the Plaintiff, violating his Fourth Amendment rights. The force used was disproportionate to any legitimate law enforcement interest.

17. The Defendants failed to protect the Plaintiff and allowed and encouraged the Defendant/bystanders to remove the Plaintiff from a law enforcement vehicle and beat the Plaintiff while he was restrained with handcuffs.

18. As a result of the Defendant's excessive force and the actions of the non-law enforcement Defendants the Plaintiff suffered physical injuries and emotional distress.

### Count III: Violation of the Fourteenth Amendment - Due Process and Equal Protection

18. The Plaintiff realleges and incorporates the allegations set forth above.

19. The Defendant's actions, including their unreasonable detention, excessive force, and failure to provide any lawful justification for their actions, deprived the Plaintiff of his rights to due process and equal protection under the law, as guaranteed by the Fourteenth Amendment.

20. The Plaintiff has been harmed by these actions and continues to experience emotional distress, loss of liberty, and physical discomfort.

### Count IV. Failure to train: Excessive Force

21. Defendant's failure to train its officers constitutes deliberate indifference to the constitutional rights of citizens, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

22. The officers' use of excessive force during the incident, as a result of inadequate training, violated Plaintiff's rights under the Fourth Amendment to be free from unreasonable seizures and Fourteenth Amendment due process protections against the use of excessive force by state actors.

23. The Fayette County Sheriff's Department is liable for its officers' actions because the failure to train officers on the proper use of force and the need to de-escalate conflicts was a policy or custom of the department. This failure amounts to a deliberate disregard of Plaintiff's constitutional rights and was the moving force behind the excessive force used.

24. The unconstitutional actions of the officers were directly caused by the inadequate training provided by the Fayette County Sheriff's Department, which was a contributing factor in the use of excessive force in this case.

25. As a result of the excessive force used by the officers, Plaintiff has suffered physical injuries, emotional distress, pain and suffering, and other damages.

### V. Denial of Immunity

26. Defendants may assert the defense of qualified immunity, but such defense must be denied in this case because Defendants' conduct was in violation of clearly established law.

27. At the time of the incident, it was clearly established that the use of excessive force by law enforcement officers during an arrest or detention violates the Fourth Amendment, and a reasonable officer in Defendants' position would have known that using excessive force against Plaintiff was unlawful.

28. Moreover, Defendants acted with subjective malice, ill will, or a reckless disregard for Plaintiff's constitutional rights, further negating any claim for immunity.

### V. DEMAND FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of the Plaintiff and against the Defendants for the violation of the Plaintiff's constitutional rights;

B. Award the Plaintiff compensatory damages in an amount to be determined at trial, including for pain and suffering, emotional distress, medical expenses, and any other damages caused by the Defendant's actions;

C. Award the Plaintiff punitive damages in an amount sufficient to deter future unconstitutional conduct by law enforcement officers;

D. Award the Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Elizabeth K. Campbell

WV State Bar I. D. No. 10891

Harrah and Campbell, PLLC

103 Fayette Ave.

Fayetteville, WV 25840

Telephone: (304) 574-0222

Facsimile: (304) 574-4122

Email: elizabeth@harrahlawfirm.com

**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

**Certification of Service:** I hereby certify that on Monday, March 25, 2025, a true and correct copy of the foregoing Complaint was filed on the Defendants and served via Certified U.S. Mail or hand delivery as follows:

1. Fayette County Commission
   100 N. Court Street
   Fayetteville, West Virginia 25840

2. Fayette County Sherriff's Department
   200 N. Court Street
   Fayetteville, West Virginia 25840

3. Jack Taylor
   1987 Armstrong Creek Road
   Kimberly, West Virginia 25118

4. Larry Sargent
   3316 Armstrong Creek Road
   Kimberly, West Virginia 25118

5. Shae Keffer
   3154 Armstrong Creek Road

Kimberly, West Virginia 25118

_____
Elizabeth K. Campbell
Harrah and Campbell P.L.L.C.
W.V. Bar # 10891
103 Fayette Avenue
Fayetteville, WV 25840
(304) 574-0222