IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GEORGE E. LEGG,

           Plaintiff,

v.                                     CIVIL ACTION NO.   2:25-cv-00203

FAYETTE COUNTY COMMISSION., et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant Fayette County Commission's ("the FCC") and Defendant Sheriff of Fayette County's ("the Sheriff") Motion to Dismiss the Plaintiff's Amended Complaint, [ECF No. 41]. The Plaintiff George E. Legg responded. [ECF No. 43]. The court, finding it unnecessary to wait for Defendants' reply, now considers the motion.

Plaintiff alleges that Fayette County law enforcement violated his constitutional rights when they arrested him, used physical force against him, and failed to offer any reasonable justification for the force. [ECF No. 40]. Plaintiff, however, asserts these claims against improper parties. Because the FCC and the Sheriff, in his official capacity, cannot be vicariously liable for the acts of deputy law enforcement, Counts One, Two, and Three must be dismissed against those Defendants. Count Four must also be dismissed because Plaintiff fails to allege any facts that support a plausible failure-to-train claim. Therefore, the motion, [ECF No. 41], is **GRANTED**.

**I. BACKGROUND**

Plaintiff is a resident of Fayette County, West Virginia. [ECF No. 40, ¶ 1]. He alleges that

various Defendants violated his constitutional rights during a traffic stop and arrest. *See generally id.* In describing those Defendants, Plaintiff alleges:

> **Defendants:** Defendants, the Fayette County Commission and Fayette County Sherriff's [sic] Department by and through their deputy T.L. Farley and other unknown officers, acting under color of law, are or were at all times relevant to this complaint[,] law enforcement officers employed by the Fayette County Sherriff's [sic] Department, and each is being sued in their individual and official capacities. Defendants also include those law individuals present at the scene that participated in this illegal behavior condoned by officers.

*Id.* ¶ 2. While this description includes unnamed people and "unknown officers," the case caption of the Amended Complaint names as Defendants (1) the FCC, (2) the Sheriff of Fayette County, in his official capacity, (3) Deputy Sheriff T.L. Farley, (4) John Doe Law Enforcement Agents, (5) Jack Taylor a/k/a Bo Taylor, (6) Larry Sargent, (7) Dylan Sargent, and (8) Shae Keffer. *Id.* at 1.

Plaintiff filed this action on March 26, 2025. [ECF No. 1]. On October 21, 2025, the court granted Plaintiff's motion to amend the complaint. [ECF No. 39]. Plaintiff filed the Amended Complaint on October 23, 2025. [ECF No. 40]. The Amended Complaint sets forth the following factual allegations, which are assumed true for purposes of this motion.[1]

On May 5, 2024, Plaintiff was stopped by law enforcement in Fayette County for allegedly "Fleeing from an Officer in a Vehicle." [ECF No. 40, ¶ 5]. The officer Defendants used "unnecessary force" to arrest Plaintiff, who did not resist. *Id.* ¶ 6. Between five and seven local residents were present during the arrest, and at least some joined in beating Plaintiff. *Id.* ¶ 7–8.

According to the Amended Complaint, "Defendants," ostensibly the officer Defendants, used excessive force. *Id.* ¶ 8. Those same Defendants "allow[ed] and encourag[ed] the bystander Defendants to beat the Plaintiff repeatedly, while he was restrained with handcuffs causing Plaintiff physical and emotional injury." *Id*. Plaintiff was then "moved" to a new location at the

---

[1] *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

2

end of the road, where "he was again beaten by law enforcement." *Id.* ¶ 10.

Plaintiff asserts four claims against the Defendants. In Count One, Plaintiff alleges that "Defendants" violated his Fourth Amendment rights by "detaining him and subjecting him to an unlawful search and unlawful seizure" for the purpose of harming him. *Id.* ¶¶ 12–14. Count Two alleges that "Defendants" (1) used excessive force in violation of the Fourth Amendment and (2) "failed to protect the Plaintiff and encouraged the Defendant/bystanders to remove the Plaintiff from a law enforcement vehicle and beat the Plaintiff while he was restrained with handcuffs." *Id.* ¶¶ 15–18. In Count Three, Plaintiff claims that the "Defendant's [sic] actions, including their unreasonable detention, excessive force, and failure to provide any lawful justification for their actions," deprived him of due process and equal protection under the law. *Id.* ¶ 18–20.

Count Four is the only count to specifically name a Defendant. In Count Four, Plaintiff alleges that the Fayette County Sheriff's Department's "failure to train its officers constituted deliberate indifference," violating the Fourth and Fourteenth Amendments. *Id.* ¶ 21. Plaintiff further alleges that the "Fayette County Sheriff's Department is liable . . . because the failure to train officers on the proper use of force and the need to de-escalate conflicts was a policy or custom of the department."[2]  *Id.* ¶ 23.

Now, the FCC and the Sheriff move to dismiss the Amended Complaint insofar as it alleges they engaged in unlawful conduct. [ECF No. 41]. They argue that, as a matter of law, they cannot

---

[2] The "Fayette County Sheriff's Department," is not a legal entity subject to suit under 42 U.S.C. § 1983. *Nutter v. Mellinger*, 2:20-cv-787, 2020 WL 401790, at *3 (S.D. W. Va. Jan. 23, 2020) (Goodwin, J.) (citing *Revene v. Charles County Com'rs*, 882 F.2d 870, 874 (4th Cir. 1989)). Indeed, Plaintiff himself knows this. On July 30, 2025, Plaintiff moved to amend his complaint to "accurately reflect the appropriate party defendants." [ECF No. 35]. Specifically, Plaintiff acknowledged that the appropriate party for his claims was the "Sheriff of Fayette County, in his official capacity," and the Plaintiff sought to "amend the caption of all pleadings and the docket" to make the appropriate substitutions. *Id.* at 2. The court granted that motion, noting a preference for adjudication on the merits. [ECF No. 39]. Oddly, Plaintiff *only* amended the caption. [ECF No. 40]. He did not revise any reference in the Amended Complaint to the formerly named "Fayette County Sheriff's Department." *See Id.* ¶¶ 2, 23, 24. Nonetheless, when I consider Count Four, I will properly construe the claim as asserted against the correct entity.

be held vicariously liable for the alleged used of excessive force by deputy law enforcement. [ECF No. 42, at 5–6]. They also argue that Plaintiff has failed to sufficiently allege facts to support a failure-to-train claim under *Monell*. [ECF No. 42, at 7–10]. For the following reasons, I agree.

## II. LEGAL STANDARD

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). In resolving a motion to dismiss under Rule 12, the court may not consider "matters outside the pleadings," Fed. R. Civ. P. 12(d). Specifically, the court considers only those "documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

Generally, a pleading under the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Farnsworth v. Loved Ones in Home Care, LLC*, No. 2:18-CV-01334, 2019 WL 956806, at *1 (S.D. W. Va. Feb. 27, 2019) (citing *E.I. du Pont de Nemours & Co.*, 637 F.3d at 440). These factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although "the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765

(4th Cir. 2017). Thus, "a complaint is to be construed liberally so as to do substantial justice." *Id.*

## III. DISCUSSION

To be sure, the Amended Complaint makes almost no effort to distinguish between Defendants.[3] Still, the only motion before the court is a Motion to Dismiss by the FCC and the Sheriff. The motion is **GRANTED** as to Counts One, Two, and Three because those Defendants cannot be held vicariously liable. The motion is also **GRANTED** as to Count Four because it fails to state a claim that the Defendants maintained a policy or custom violative of Plaintiff's constitutional rights.

### A. Counts One, Two, and Three

Counts One, Two, and Three do not name a specific defendant. [ECF No. 40, ¶¶ 12–20]. They do, however, allege conduct plausibly attributable to law enforcement officers. *Id.* Count One alleges unreasonable search and seizure because "Defendants" detained Plaintiff and searched him. *Id.* ¶ 13. Count Two alleges excessive force, assault, and battery because "Defendants used excessive force," and "Defendants failed to protect the Plaintiff." *Id.* ¶¶ 16–17. Count Three alleges due process and equal protection violations based on the conduct described in Counts One and Two. *Id.* ¶¶ 18–20.

It is implausible to say that the FCC itself or the Sheriff himself used excessive force

---

[3] There are, of course, cases in which such general allegations are not fatal to a complaint, and the Fourth Circuit has explicitly recognized that pleading strategy. *Langford v. Joyner*, 62 F.4th 122, 126 (4th Cir. 2023) ("We do not categorically foreclose the possibility that a complaint that makes allegations collectively against 'Defendants' may sometimes survive a motion to dismiss. After all, determining whether a complaint states a plausible claim for relief is a 'context-specific task.'" (quoting *Iqbal*, 556 U.S. at 679)). For the same reason, the use of "John" or "Jane Doe" is sometimes sufficient at the pleading stage. *Id.* But generally, blanket assertions that fail to put specific defendants on notice that their conduct is allegedly unlawful fail to sufficiently state a claim. *Id.* at 125 ("Courts have been critical of complaints that 'fail[ ] to isolate the allegedly unconstitutional acts of each defendant,' . . . or that 'make[ ] only categorical references to "Defendants."'" (first quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008); and then quoting *Marcilis v. Twp. Of Redford*, 693 F.3d 589, 596 (6th Cir. 2012))).

Here, Plaintiff's Amended Complaint asserts that bystander defendants, officer defendants, the FCC, and the Sheriff violated his constitutional rights. Yet, Counts One, Two, and Three fail to distinguish among these defendants or to identify which alleged acts are attributable to which party.

5

against the Plaintiff, nor is that alleged. Therefore, in the light most favorable to the Plaintiff, I construe these counts as asserting vicarious liability against the FCC and the Sheriff. Even so, I find these claims fail as a matter of law and must be dismissed.

The FCC and the Sheriff cannot be held vicariously liable for the conduct of sheriff deputies, local law enforcement, or bystanders.[4] *Monell v. Dep't of Soc. Servs.*, 426 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."); *Est. of Jones v. City of Martinsburg*, 961 F.3d 661, 672 (4th Cir. 2020) (a *Monell* claim "cannot be predicated on a theory of *respondeat superior*" or vicarious liability); *Launi v. Hampshire Cnty. Prosecuting Att'y's Off.*, 480 F. Supp. 3d 724, 732 (N.D. W. Va. 2020) ("As municipal government entities, the county commissions cannot be held liable for the alleged actions of their employees under a theory of *Respondeat Superior*." (citing *Monell*, 426 U.S. at 691)).

Recognizing that the law precludes his vicarious liability claims, Plaintiff argues that Counts One, Two, and Three are in fact *Monell* claims because the FCC had a policy or custom for law enforcement to violate constitutional rights. [ECF No. 43, at 5–6]. In his response, Plaintiff reframes the claims as alleging that the "unconstitutional seizure, excessive force, and denial of due process" carried out by law enforcement "*were the product* of the Sheriff's and County's

---

[4] To the extent Plaintiff sues the Sheriff in his official capacity, those claims are duplicative of the claims against the FCC. *Nutter*, 2020 WL 401790, at *3 (finding that the federal law *Monell* claims against sheriff deputies and the county sheriff are "duplicative" of the same claim against the county commission (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985))). Because the Sheriff cannot be held vicariously liable, the only avenue to relief is an allegation that the Sheriff, as the "duly delegated policy-maker for the county," promulgated a policy or custom that caused constitutional violations. *Revene*, 882 F.2d at 874 ("No other basis of liability exists for holding the sheriff separately liable on the claim as pleaded because no claim is made that he was directly involved in [the plaintiff's injuries], and there is no vicarious liability under § 1983."); *Tart v. Martin*, 1:22-cv-00327, 2023 WL 616042, at *3 (S.D. W. Va. Sept. 21, 2023) (Faber, J.). Plaintiff has alleged no such facts.

*policies and customs*, including failure to train." *Id.* at 5 (emphasis added). This statement—a legal conclusion—appears nowhere in Counts One, Two, or Three of the Amended Complaint. *See* [ECF No. 40, at 3]. Nor does Plaintiff allege any policy or custom that caused unconstitutional conduct in the preceding "Factual Allegations" portion of the Amended Complaint, which Counts One, Two, and Three expressly incorporate. *Id.* ¶ 5–13. The only mention of a policy or custom appears in Count Four, which is the sole count that attempts to make a *Monell* claim. *Id.* ¶ 21–25.

Considering this, I cannot accept Plaintiff's construction of his claim.[5] Accordingly, Counts One, Two, and Three against Defendants Fayette County Commission and the Sheriff of Fayette County are **DISMISSED with prejudice.**

### B. Count Four

In Count Four, Plaintiff alleges that the county[6] failed "to train its officers," constituting a "deliberate indifference to the constitutional rights of citizens." [ECF No. 40, ¶ 21]. Specifically, Plaintiff asserts that the county's "policy or custom" was to fail to train officers "on the proper use of force and the need to de-escalate conflicts." *Id.* ¶ 23. Although Plaintiff makes no mention of it in his Amended Complaint, this appears to be a *Monell* claim.

Plaintiff, however, has not plausibly alleged facts sufficient to support a *Monell* claim. Under *Monell*, a municipality may be liable under § 1983 only when its "policy or custom" causes a constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipal policy or custom may be established in one of four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an

---

[5] Even if I were to accept Plaintiff's argument that these are *Monell* claims, he has not alleged any facts to support them. Because Plaintiff has failed to plausibly allege a policy or custom of the FCC that resulted in Plaintiff's alleged injuries, the claims would nonetheless be dismissed under Federal Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6).

[6] The Amended Complaint actually alleges that the Fayette County Sheriff's Department is liable. [ECF No. 40, ¶ 23]; *see also supra* note 2. Regardless of whether the court construes the appropriate defendant in Count Four as the Fayette County Sheriff's Department, the Sheriff, or the FCC, the claim must be dismissed. For clarity of analysis, I will address the claim as one against the county commission, the FCC.

> omission, such as a failure to properly train [or supervise] officers that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Blair v. Appomattox Cnty. Sch. Bd.*, 147 F.4th 484, 493 (4th Cir. 2025) (internal quotation marks omitted); *see also Connick v. Thompson*, 563 U.S. 51, 60–61 (2011); *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Municipal liability, however, may not be premised on a theory of *respondeat superior*. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). "[A] municipality is liable only for its *own* illegal acts." *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014); *see also Connick v. Thompson*, 563 U.S. 51, 60–61 (2011).

Plaintiff has not alleged any fact to support his claim. Instead, Plaintiff offers only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. And while legal conclusions may help build the framework of a claim, those conclusions "must be supported by factual allegations." *Id.* at 679. Here, there are none.

In response, Plaintiff argues that the brutality alleged is "so obvious" that he has properly alleged a policymaker's deliberate indifference and causation. [ECF No. 43, at 6–7]. That is a slightly different route to liability. "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *See Connick*, 563 U.S. at 61 (quoting *Bd. of Comm'rs of Bryan Cnty.*, 520 U.S. 397, 410 (1997)). Plaintiff does not allege any facts demonstrating deliberate indifference, such as knowledge of the consequences of the municipal decisions. Plaintiff also fails to allege that once "on . . . notice" that the county's "particular omission in [its] training program" caused county employees to "violate citizens' constitutional rights," the county chose "to retain that program." *Id.*

Although the deliberate indifference standard may seem like a high bar, a "less stringent

standard of fault for a failure-to-train claim 'would result in *de facto respondeat superior* liability on municipalities.'" *Id.* at 62 (quoting *Harris*, 489 U.S. at 378). Here, Plaintiff has not come close to alleging enough facts to assert a claim against the FCC and the Sheriff. Therefore, Count Four asserted against Defendants Fayette County Commission and the Sheriff of Fayette County is **DISMISSED.**

IV.   **CONCLUSION**

For these reasons, Defendants Fayette County Commission and Sheriff of Fayette County's Motion to Dismiss, **[ECF No. 41],** is **GRANTED.** As to these Defendants, Counts One, Two, Three, and Four are **DISMISSED**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:   November 24, 2025

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

9